7 F.3d 1042
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Darlene PROCTOR, Appellant,
v.
DEPARTMENT OF VETERANS AFFAIRS, Edward J. Derwinski, Appellee.
 No. 93-1465.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 4, 1993.
Filed: October 7, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Darlene Proctor appeals from the district court's[1] judgment in her complaint against the Secretary of Veterans Affairs (the VA). We affirm.
 
 
 2
 Proctor sought employment with the VA so she could accrue one additional year of full-time, permanent federal civil service and then could retire and draw retirement benefits. Proctor quit her temporary job at the VA, because, among other things, the VA would not consider her for a permanent position. She then filed an age discrimination complaint against the VA. The VA denied her claim and she appealed to the Equal Employment Opportunity Commission (EEOC), which ruled in Proctor's favor and directed the VA to give her a job with back pay, benefits, and interest. The EEOC subsequently determined that the VA had substantially complied with the order. Proctor commenced this action, seeking enforcement of the favorable EEOC order. After a trial, the district court agreed that the VA had complied except insofar as it had failed to give Proctor interest on her back pay award. This appeal followed.
 
 
 3
 We agree with the VA that it was entitled to consider post-discrimination circumstances when complying with the EEOC's order. See 29 C.F.R. § 1613(3), App. A (1992). Some months after Proctor quit her VA job, she became employed elsewhere in federal service at a higher salary. After working there for a year, she became eligible to-and did-take her retirement. We agree with the VA that its obligation to offer Proctor a job ended when she took the other job and then retired. Thus, we agree with the district court that the VA substantially complied with the EEOC's order as to the job offer.
 
 
 4
 As to back pay, the district court found that Proctor had failed to reasonably mitigate her damages. We review that finding for clear error. See Sellers v. Delgado Community College, 839 F.2d 1132, 1138 (5th Cir. 1988). The record indicates that after Proctor quit her temporary job with the VA, she looked for work only with the federal government. We do not think the district court's finding was clearly erroneous. Thus, the VA was entitled to deduct from back pay the salary Proctor would have earned in the position she quit. We agree with the district court that the VA substantially complied with the EEOC's order as to back pay.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE H. FRANKLIN WATERS, Chief Judge, United States District Court for the Western District of Arkansas